**Michael NORMAN, Plaintiff–Appellant,**

v.

**CITY OF BEDFORD HEIGHTS, OHIO; Bedford Heights Police Department; Michael Marotta, Detective, in his individual and official capacity; Timothy Cereck, in his individual and official capacity; City of Atlanta, Georgia; Atlanta Police Department; William P. Mason, Cuyahoga County Prosecuting Attor-**

ney in his official capacity only; J.D. Stephen, Detective, in his individual and official capacity, Defendants–Appellees.

No. 01–3870.

United States Court of Appeals, Sixth Circuit.

March 10, 2003.

Before RYAN, BATCHELDER and LAY,* Circuit Judges.

OPINION

PER CURIAM.

Michael Norman appeals from the dismissal of his 42 U.S.C. § 1983 claims against the City of Bedford Heights, the Bedford Heights Police Department, the City of Atlanta, the Atlanta Police Depart-

---

* The Honorable Donald P. Lay, Circuit Judge for the United States Court of Appeals, Eighth Circuit, sitting by designation.

ment, and other county officials. He claims the police unlawfully arrested and detained him without probable cause. We affirm the district court.

## I.

On March 5, 1993, Demond Hamilton was robbed and murdered in Bedford Heights. Ohio. Ameera Childress informed the authorities that Richard Wainwright committed the murder while a man named "Michael" drove the getaway car. Further investigation led police to believe that Michael Norman, a student at Clark Atlanta University, was the accomplice. The Bedford Police Department spoke with the Cuyahoga County Prosecutor to determine whether they had sufficient evidence to arrest Norman. The prosecutor recommended the police proceed with a grand jury indictment. The grand jury indicted Norman on February 16, 1999. He was arrested in Atlanta by the Atlanta police on February 17, 1999. Norman was detained for approximately two months. The charges were then dropped.

Norman filed this civil suit against the City of Bedford Heights, the Bedford Heights Police Department, the City of Atlanta, the Atlanta Police Department, and other county officials. He claimed the officers unlawfully arrested and detained him in violation of his constitutional rights. He brought this action under 42 U.S.C. § 1983. The district court dismissed his claims. We affirm.

## II.

Norman claims that the officers did not have probable cause to arrest and detain him. We disagree. As noted above, the grand jury had indicted Norman. *See Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir.2002) (holding that a facially valid indictment from a properly constituted grand jury is conclusive on the question of probable cause for the arrest). As such, there cannot be a claim that the officers unlawfully arrested and detained him in violation of his constitutional rights.

Norman further argues that qualified immunity does not apply to the officers in this case. We reject this argument. An officer may raise the qualified immunity defense if the officer's actions do not violate the plaintiff's constitutional rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The officers in this case did not violate Norman's rights.

The City of Bedford Heights is also immune from Norman's claim. A municipality will be immune unless the plaintiff can show a direct link between a municipal policy and the alleged constitutional violation. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). *See also Higgason*, 288 F.3d at 877. Norman has not made this showing. Norman's complaint does not allege the violation of a constitutional right. The complaint itself says that the officers arrested Norman pursuant to an indictment returned by a Cuyahoga County grand jury. Under *Wilson v. Layne*, 526 U.S. 603, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999), the inquiry proceeds no farther.

Finally, we reject Norman's jurisdictional argument. He claims the district court erroneously dismissed the Atlanta Police Department and the City of Atlanta for lack of personal jurisdiction. Norman has failed to convince us that jurisdiction over the Atlanta defendants was appropriate. Ohio's long arm statute requires that the defendant be located in Ohio, that the actions of the defendant occur in Ohio, or that the plaintiff incur injuries in Ohio as a result of the defendant's actions. Ohio Revised Code § 2307.382 (2002). None of

these requirements are met. The Atlanta Police Department acted reasonably and is not subject to jurisdiction in this case.

We thus reject Norman's appeal.

AFFIRMED.